UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRYAN COLBY CHAPPELL,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH TRUEBLOOD Dr., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:20-cv-00224-JRS-MG |

**Order Granting in Part and Denying in Part Motion to Dismiss**

Plaintiff Bryan Chappell, at all relevant times an inmate confined in the Federal Correctional Institute in Terre Haute, Indiana ("FCI Terre Haute"), brings this action alleging the defendants violated his First Amendment rights by retaliating against him and his Eighth Amendment rights be threatening him and failing to provide adequate medical care. He seeks damages pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

The defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that special factors counsel against an expansion of *Bivens* to Mr. Chappell's non-medical claims, and that his remaining claims either fail to meet the pleading requirement to state a claim or are barred by the two-year statute of limitations.

For the reasons discussed in this Order, the defendants' motion is **granted in part and denied in part**.

**I. Factual and Procedural Background**

In Mr. Chappell's amended complaint, he alleged that he has a heart condition that has caused him to suffer six heart attacks and two strokes. In 2017, he was subjected to a medical procedure in which a heart catheterization was inserted into his heart without anesthesia to





implant a stent. The surgeon said the stent was the wrong size, so the stent was not placed and Mr. Chappell continued to have a blockage in his artery.

Mr. Chappell alleged that in the years after the botched procedure, he tried to expose the participants and get the medical care he needed. However, the defendants acted in concert to silence his complaints and refused to provide adequate healthcare. Some of the defendants threatened to harm Mr. Chappell and prevent his access to healthcare because an FCI Terre Haute employee was related to Mr. Chappell's murder victim.

The Court screened Mr. Chappell's amended complaint and permitted claims against twenty-two defendants. In response to the motion to dismiss, Mr. Chappell has voluntarily relinquished claims against the following six defendants: Kimberly Julian; Sara Booth; Genevieve Muscatell; Randall Atterbury; Delbert Snow; and Patrick Sconce.[1] Dkt. 130 at 4. Accordingly, claims against these defendants are **dismissed** and will not be addressed further in this Order. With respect to the remaining sixteen defendants, the Court identified the following claims in its screening orders, dkts. [34] and [47]:

- First Amendment retaliation and Eighth Amendment claims against Dr. Trueblood, PA Mata, Factory Manager Wright; Captain Hess; Unit Manager Royer; Counselor Hart; Lt. Baker; Officer Penman; Warden Bell; and Dr. Carmichael. Dkt. 34 at 10.

- Eighth Amendment claims against Nurse Worthington; Assistant Warden Hirons; and PA Volstorf. *Id.* at 11.

- First Amendment retaliation claims against Dr. Lukens. *Id.*

- Eighth Amendment and First Amendment retaliation claims against Lt. Sherman. Dkt. 47 at 3.

- Eighth Amendment excessive force claim against Officer Vest. *Id.*

---

[1] These defendants' names appear on the docket as follows: AHSA Klink/Julian; AHSA Booth; PA Muscatell; Correctional Officer Atterbury; Correctional Officer Snow; and Correctional Officer Sconce.

The defendants have filed a motion to dismiss or in the alternative motion for summary judgment for failure to exhaust. Dkt. 114. The Court appointed counsel to assist Mr. Chappell, dkt. 107, and the defendants subsequently moved to bifurcate the motion to dismiss and motion for summary judgment on exhaustion, dkt. 122. Mr. Chappell has responded to the motion to dismiss, dkt. 130, and the defendants have replied, dkt. 133. Accordingly, the motion to dismiss is ripe for ruling.

## III. Discussion

### A. Standard on a Rule 12(b)(6) Motion

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

### B. Availability of a Damages Action in Federal Civil Rights Actions

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

Fifty years ago, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. That implied authority was subsequently extended twice: first to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979), and second to actions

alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). But these "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. 1843 at 1855.

In the past four decades, the Court has declined to create any new contexts for *Bivens* claims. *Egbert v. Boule*, No. 21-147, --- S. Ct. --- 2022 WL 2056291, * 3 (U.S. June 8, 2022) (listing cases). Expanding *Bivens* to a new context is now a "disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857.

Since *Ziglar*, Courts considering whether to recognize an implied cause of action have faced a two-step inquiry. First, the Court must determine "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 2022 WL 2056291, at *6 (quoting *Ziglar*, 137 S. Ct. at 1855). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.*

After the motion to dismiss was fully briefed, the Supreme Court decided *Egbert v. Boule*. In *Egbert*, the Supreme Court clarified that "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* "If there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernández v. Mesa*, 150 S. Ct. 735, 743 (2020)). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at *6 (quoting *Ziglar*, 137 S. Ct. at 1858). And this is true even if the individual plaintiff alleges he

does not have access to the alternative remedy. *Id.* at *9 ("[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

**C. Application of *Ziglar* and *Egbert* to Mr. Chappell's First Amendment retaliation claims and Eighth Amendment threat/conspiracy claims**

The defendants' motion to dismiss seeks dismissal of all claims except an Eighth Amendment deliberate indifference claim against PA Volstorf for lack of medical care and Eighth Amendment excessive force claims against Jermaine Sherman and Joseph Vest.[2]

In *Egbert*, the Supreme Court held "that there is no *Bivens* action for First Amendment retaliation." 2022 WL 2056291 at *9. Consequently, all of Mr. Chappell's First Amendment retaliation claims are **dismissed**.[3]

The Court now turns to whether some of Mr. Chappell's Eighth Amendment claims arise in a new context. Mr. Chappell argues that all of his Eighth Amendment claims fall under *Carlson* because they are all tied to his health condition. The Court disagrees. Several of Mr. Chappell's Eighth Amendment claims bear little resemblance to the situation in *Carlson*, where an asthmatic prisoner died due to lack of proper treatment. 446 U.S. at 16, n. 1. Rather, Mr. Chappell's claims against defendants Hirons, Wright, Hess, Royer, and Penman concern a conspiracy to punish and harass Mr. Chappell due to Captain Hess' familial ties to Mr. Chappell's victim and Mr. Chappell's attempts to file grievances and send U.S. Congressman Andre Carson letters about the catheterization procedure. Mr. Chappell alleged the following:

- Claim Six—As Officer Scounce drove Mr. Chappell to an offsite cardiology appointment, Officer Penman drew his gun and pointed it at Mr. Chappell. Officer Penman ordered Officer Scounce to pull over and told Mr. Chappell that he

[2] The defendants hope to resolve these claims in the motion for summary judgment for failure to exhaust. Dkt. 133 at 1, n. 2.

[3] Mr. Chappell argues that he did not request damages under the First Amendment. Dkt. 120 at 8, n. 1. But the Court identified First Amendment retaliation claims in its screening order, dkt. 34 at 10-11, and at no point did Mr. Chappell move for the Court to reconsider its characterization of those claims.

should not file grievances against prison staff because they "stick together in Terre Haute." Dkt. 48 at 8.

- Claim Seven—Captain Hess told Mr. Chappell that he was related to Mr. Chappell's victim and told him that he would not "leave this compound with a heartbeat." *Id.* at 9. Captain Hess threatened to put him in the secured housing unit ("SHU") and beat him to death. Mr. Chappell told Warden Bell and Lt. Baker about Captain Hess' threats, and they dismissed his complaints. *Id.* at 9.

- Claim Eight—Assistant Warden Hirons also threatened to kill Mr. Chappell due to the identity of his murder victim. Factory Manager Wright took Mr. Chappell to Warden Hirons' office and threatened to fire him for filing grievances related to the catheterization procedure. Mr. Wright also tried to get other inmates to assault Mr. Chappell. *Id.* at 9−10.

- Claim Thirteen—Upon leaving the dining hall, Unit Manager Royer approached Mr. Chappell, took his glasses, and said, "So you like writing letters now you['re] gonna get your ass beat." *Id.* at 17. Captain Hess again threatened to beat Mr. Chappell and put him in the SHU for writing letters to Congressman Carson about the catheterization procedure.[4] *Id.*

The bar to find a new *Bivens* context is low, so the Court readily concludes that these claims arise in a new context. *See Egbert*, 2022 WL 2056291 at *7 (finding that plaintiff's Fourth Amendment complaint arose in a new context because the federal agents in *Bivens* worked in drug enforcement whereas the federal agents in *Egbert* worked in border enforcement).

Thus, the Court proceeds to the special factors analysis. That analysis is brief, as it will usually be in light of *Ziglar* and *Egbert*. Once the Court finds any reason to defer to Congress—or any alternative remedy, even if the plaintiff alleges it is inadequate—the analysis is complete.

The availability of alternative remedies forecloses a *Bivens* action for Mr. Chappell's Eighth Amendment conspiracy/threat claims. The BOP's administrative remedy process, 28 C.F.R. § 542.10 *et seq.*, provides inmates an opportunity to seek formal review of any complaint related to the conditions of their confinement. Additionally, in *Ziglar*, the Supreme Court recognized the availability of injunctive relief to address conditions-of-confinement

[4] There are additional allegations in Claim Thirteen that are directly tied to Mr. Chappell's medical care that are not addressed here.

claims. 137 S. Ct. at 1862.[5] Accordingly, Mr. Chappell's Eighth Amendment conspiracy/threat claims are dismissed.

In summary, the following claims are **dismissed** pursuant to *Ziglar* and *Egbert*:

- First Amendment retaliation claims against Dr. Trueblood, PA Mata, Factory Manager Wright; Captain Hess; Unit Manager Royer; Counselor Hart; Lt. Baker; Officer Penman; Warden Bell; Dr. Carmichael; Dr. Lukens; and Lt. Sherman.

- Eighth Amendment conspiracy/threat claims against Assistant Warden Hirons; Factory Manager Wright; Captain Hess; Unit Manager Royer, Lt. Baker; Officer Penman; and Warden Bell.

**D. Remaining Eighth Amendment Medical Claims**

The defendants argue that some of Mr. Chappell's Eighth Amendment claims are too vague or general to state a claim for relief or are barred by the statute of limitations. To state a claim that the remaining defendants were deliberately indifferent, Mr. Chappell must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This doesn't impose a probability requirement on [the plaintiff.]" *Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011). Rather, "[t]he complaint must instead call for enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Id.* (cleaned up).

"Prison officials violate the [Eighth Amendment's] prohibition on cruel and unusual punishment if they act with deliberate indifference to a prisoner's serious medical condition." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The deliberate indifference "standard encompasses both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately

---

[5] Any claim for injunctive relief has been mooted by Mr. Chappell's transfer to FCI Butner. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

indifferent to the substantial risk to the prisoner's health and safety." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021) (internal quotation omitted).

The factual allegations in claims Two, Four, Nine, Ten, Eleven, and Thirteen are sufficient to raise deliberate indifference claims against the following defendants: Dr. Trueblood, Counselor Hart, PA Mata, Nurse Worthington, Dr. Carmichael, Warden Bell, and Lt. Baker. Dkt. 48 at 4, 6, 11−14. *See* dkt. 130 at 8−9 (Plaintiff's chart summarizing factual allegations).[6] Mr. Chappell alleges that he was suffering cardiac symptoms or mental health distress, and the defendants denied him necessary assessments, medicine, and/or referrals to specialists. He has included enough factual detail to indicate that the defendants are liable for delaying or denying treatment. *See Arnett*, 658 F.3d at 752 (finding plaintiff stated a claim where he said defendant was aware of his condition, his need for treatment, and his pleas for medicine, even though it was not clear by the complaint who caused the delay or who was responsible for following up with his request).

Additionally, the defendants seek to dismiss claims against Counselor Hart, Warden Bell, and Lt. Baker because, generally, non-medical defendants can rely on and defer to the expertise of medical personnel. *Id.* at 755. That is true, but Mr. Chappell alleges more. He alleges that when he submitted requests for medical help, these defendants *blocked* his requests for help. Dkt. 31 at 4 (stating that Ms. Hart refused to file grievance and stated he would be brought "to the SHU [and] they will beat the shit out of [Chappell] and [he] will get no medical help") and 12 (stating he spoke to defendants and "begged for help and was threatened and denied treatment").

---

[6] Mr. Chappell doesn't include Claim 9 in his chart. This claim alleged that Dr. Trueblood, Warden Bell, and PA Mata intentionally lied to Mr. Chappell for two years telling him that he had a terminal lung disease. The Court construes this allegation as a claim that these defendants intentionally exploited a known psychological vulnerability to create a risk of harm to Mr. Chappell, and, this, while perhaps thin, is enough to state a claim. *Lisle v. Welborn*, 933 F.3d 705, 718 (8th Cir. 2019).

"Non-medical defendants cannot simply ignore an inmate's plight." *Arnett*, 658 F.3d at 755. Accordingly, Mr. Chappell's claims may proceed against these defendants.

The defendants' statute of limitation argument fails because Mr. Chappell has sufficiently alleged that the remaining defendants' actions fall under the continuing harm doctrine. *See United States v. Spectrum Brands*, 924 F.3d 337, 350 (7th Cir. 2019) ("[W]here the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete.") (internal citations omitted).

The defendants do produce evidence that claims against Heather Mata are barred by the statute of limitations because she left BOP employment in January 2018, dkt. 133-1 at 6−12, and Mr. Chappell did not file his complaint until April 2020. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019) (holding that even under continuing harm doctrine, a defendant's departure date "marks the last possible time when the claim might have accrued" because she is no longer involved in the alleged wrong). However, "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018). Ms. Mata's tenure of employment was not included in Mr. Chappell's amended complaint and is not subject to proper judicial notice. Thus, the Court will not dismiss her from the action at this time. But, in the interest of judicial economy, Mr. Chappell is **ordered to show cause** why summary judgment should not be entered in favor of Ms. Mata based on the statute of limitations. *See* Fed. R. Civ. P. 56(f)(3).

### IV. Conclusion and Further Proceedings

For the foregoing reasons, the defendants' motion to dismiss, dkt. [114], is **granted in part and denied in part**. First, Mr. Chappell has voluntarily dismissed claims against the following defendants: Kimberly Julian; Sara Booth; Genevieve Muscatell; Randall Atterbury; Delbert Snow; and Patrick Sconce. Second, the defendants' motion is granted to the extent that the following claims are **dismissed from this action:**

- First Amendment retaliation claims against Dr. Trueblood, PA Mata, Factory Manager Wright; Captain Hess; Unit Manager Royer; Counselor Hart; Lt. Baker; Officer Penman; Warden Bell; Dr. Carmichael; Dr. Lukens; and Lt. Sherman.
- Eighth Amendment conspiracy/threat claims against Assistant Warden Hirons; Factory Manager Wright; Captain Hess; Unit Manager Royer, Lt. Baker; Officer Penman; and Warden Bell.

This resolves all claims against the following defendants: Kimberly Julian; Sara Booth; Genevieve Muscatell; Randall Atterbury; Delbert Snow; Patrick Sconce; Assistant Warden Hirons; Factory Manager Wright; Captain Hess; Unit Manager Royer; Officer Penman; and Dr. Lukens. **The clerk is directed** to terminate these defendants from the docket. No partial final judgment shall issue.

Mr. Chappell **has through July 20, 2022**, to show cause why summary judgment should not be entered in favor of defendant Heather Mata based on the statute of limitations. *See* Fed. R. Civ. P. 56(f)(3).

The following claims will proceed to the merits or be resolved in the defendants' motion for summary judgment for failure to exhaust:

- Eighth Amendment medical claims against Dr. Elizabeth Trueblood, Karen Hart, Heather Mata, Matthew Worthington, Dr. Jacqueline Carmichael, Warden Jesse Bell, Jamie Baker, and Paul Volstorf;
- Eighth Amendment excessive force claims against Jermaine Sherman and Joseph Vest.

**The clerk is directed** to update the docket to reflect the defendants' complete names.

Pursuant to the Court's April 21, 2022, Order, the defendants have **14 days** from the issuance of this Order to refile a motion for summary judgment for failure to exhaust administrative remedies. Mr. Chappell has **28 days** to file a response, and defendants have **14 days** to reply. Dkt. 124.

**IT IS SO ORDERED.**

Date: 06/29/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRYAN COLBY CHAPPELL
25865-009
BUTNER - MEDIUM I FCI
BUTNER MEDIUM I FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509

Toni M. Everton
FROST BROWN TODD LLC (Indianapolis)
teverton@fbtlaw.com

Barry F. McGinley
FROST BROWN TODD LLC (Indianapolis)
bmcginley@fbtlaw.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov