UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER G. HILL, | ) |
|         Plaintiff, | ) |
| v. | ) No. 4:21-cv-00080-SEB-KMB |
| RONALD A. HORNBACK, JR., | ) |
|         Defendant. | ) |
| UNITED STATES OF AMERICA, | ) |
|         Interested Party. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Defendant's Motion to Dismiss [Dkt. 27] filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Christopher G. Hill, proceeding *pro se*, brings this action against Defendant Ronald A. Hornback, Jr., a Special Agent with the Federal Bureau of Investigation ("FBI"), pursuant to 42 U.S.C. § 1983, alleging that, during Mr. Hill's arrest in November 2020, Special Agent Hornback conspired with officers of the Jeffersonville Police Department ("JPD") to use excessive force against Mr. Hill, in violation of his Fourth Amendment rights.[1] Plaintiff has not responded to Defendant's motion to dismiss. For the reasons detailed below, we GRANT Defendant's Motion to Dismiss.

---

[1] Mr. Hill's complaint contains additional allegations against SA Hornback, but the Court dismissed all claims other than the § 1983 conspiracy to use excessive force claim in its April 20, 2022 screening order.

1

## Factual Background

At all times relevant to this litigation, SA Hornback was a Special Agent employed by the FBI and was assigned to the FBI's Save Streets Task Force in New Albany, Indiana.  In connection with his official FBI duties, SA Hornback investigated criminal violations of federal drug trafficking laws and violations of criminal statutes related to violent crime.

On November 5, 2020, SA Hornback participated in an investigation of Mr. Hill conducted jointly among the FBI New Albany Resident Agency office and other law enforcement agencies, including the Jeffersonville Police Department.  On that date, the Jefferson Police Department's tactical team initiated a stop and arrest of Mr. Hill, who was driving a vehicle in Jeffersonville, Indiana.  During the arrest, Jefferson Police Department officers deployed a round of rubber composite ammunition on Mr. Hill and released a K-9 to assist in apprehending him.  Four days later, on November 9, 2020, SA Hornback signed an "Affidavit in Support of Application for Criminal Complaint," charging Mr. Hill with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  A federal grand jury returned an indictment against Mr. Hill for the same charge later that month.

On May 10, 2021, Mr. Hill filed his complaint against only SA Hornback.  Mr. Hill alleges that SA Hornback first conspired with the Jeffersonville Police Department to unlawfully surveil Mr. Hill's residence and then "continued to conspire" with Jeffersonville Police officers when SA Hornback followed Mr. Hill in his vehicle to Clarksville, Indiana.  At that point, Mr. Hill alleges that he was cut off by a S.W.A.T.

2

team, who ordered him to exit his vehicle. Mr. Hill alleges that, despite complying with all demands given to him by law enforcement, Jeffersonville Police officers shot him in the back of the leg and deployed a K-9 to "maliciously maul[]" him during his arrest. *Id.* In his complaint, Mr. Hill does not allege that SA Hornback personally used excessive force during Mr. Hill's arrest, or even that he personally participated in any way in Mr. Hill's arrest, but only that SA Hornback had conspired with members of the Jeffersonville Police Department to "maliciously assault" him. Compl. ¶ 1.

In April 2022, the Court screened Mr. Hill's complaint, dismissing several claims he may have brought under 42 U.S.C. §§ 1981 and 1985. Dkt. 13 at 3–4. Upon a liberal reading of the complaint, the Court found that Mr. Hill had adequately alleged a conspiracy under § 1983 to use excessive force against him in violation of his Fourth Amendment rights. *Id.* at 5–6. The Court advised, however, that its ruling was "without prejudice to the filing of a proper Rule 12 motion." *Id.* SA Hornback has now filed such a motion. The deadline for responding to that motion has passed without Mr. Hill having filed a response. Accordingly, it is ripe for ruling.

## Legal Analysis

### I. Rule 12(b)(6) Standard

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted above, Plaintiff has not responded to Defendant's motion to dismiss. Rule 12(b)(6) "prevents courts from granting unopposed motions solely because there is no response." *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021). Thus, regardless of the fact that Plaintiff has not addressed Defendant's arguments, "the court must evaluate the allegations in the … complaint to determine whether the pleadings are sufficient to defeat a Rule 12(b)(6) motion." *LeSure v. Walmart, Inc.*, No. 21-cv-472-pp, 2022 WL 3647908, at *8 (E.D. Wis. Aug. 24, 2022).

II.    **Discussion**

A § 1983 action can be maintained only against persons acting under the color of state law, such as state officials. *See* 42 U.S.C. § 1983; *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Federal actors cannot generally be sued under § 1983 because "actions of the Federal Government and its officers are at least facially exempt from [the statute's] proscriptions." *Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). The Seventh Circuit has recognized, however, that "it is assumed that a § 1983 action can lie against federal employees—as it can against private individuals—if they

4

conspire or act in concert with state officials to deprive a person of h[is] civil rights under color of state law." *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).

Here, SA Hornback is a federal, not state actor, and Mr. Hill does not allege otherwise. Although Mr. Hill cursorily alleges that SA Hornback "conspired" with state actors—namely, Jeffersonville police officers—to "maliciously assault" him, Mr. Hill's complaint is devoid of any facts indicating the nature of the SA Hornback's alleged conspiratorial agreement with the state actors or what role he may have played or agreed to play in relation to the arrest and use of force. SA Hornback is not alleged to have himself used excessive force against Mr. Hill, or, for that matter, to have been personally involved in the actual arrest. *See Walker v. Thompson*, 288 F.3d 1005, 1007–08 (7th Cir. 2002) (dismissing § 1983 conspiracy claim where the complaint alleged the defendant had conspired to conduct an unreasonable search, but the defendant did not participate in the search and the complaint "did not so much as hint at what role [the defendant] might have played or agreed to play in relation to the [allegedly unlawful] search"); *Rosas v. Bd. of Educ. of City of Chi.*, No. 19-cv-2778, 2021 WL 1962397, at *12 (N.D. Ill. May 17, 2021) (dismissing § 1983 conspiracy claims when the plaintiff's allegations did not plausibly suggest a meeting of the minds between the purported conspirators or provide any facts describing the "nature of the alleged conspiratorial agreement" between the parties).

Under Seventh Circuit law, "[m]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019)

(citation omitted). Mr. Hill's unadorned allegations that SA Hornback "conspired" or acted "in concert" with the Jeffersonville Police Department without *any* factual allegations to tie SA Hornback to a conspiracy with the Jeffersonville Police Department to use excessive force against Mr. Hill are insufficient to support a plausible inference that SA Hornback acted under color of state law. *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999) ("So the question comes down to whether the bare allegation that a defendant conspired with other[s] [] whose unlawful acts are adequately alleged satisfies Rule 8 as to that defendant. We think not."). Accordingly, because Mr. Hill has not plausibly alleged a conspiracy between SA Hornback and the Jeffersonville Police Department to violate his constitutional rights, he failed to state a § 1983 claim against SA Hornback.

### III.    Conclusion

For the reasons detailed above, Defendant's Motion to Dismiss is <u>GRANTED</u> without prejudice. We will provide Plaintiff an opportunity to file an amended complaint that resolves the deficiencies cited in this entry, if possible.[2] If Plaintiff does not file a

---

[2] Many courts have held that federal officers are federal actors for purposes of § 1983 and thus cannot be sued under the statute, regardless of whether they are alleged to have conspired with state actors. However, many courts have concluded the opposite, finding that federal officers can be considered state actors under § 1983 if they act in concert with state officials. Thus, "the issue of when or if federal officers … can be deemed to have acted under color of state law for purposes of liability under § 1983 is unsettled." *Economan v. Cockrell*, No. 1:20-CV-32, 2020 WL 6874134, at *20 (N.D. Ind. Nov. 23, 2020) (collecting cases). Because there is at least some support for the proposition that a federal actor acts under state law when he is adequately alleged to have conspired with state actors to violate a plaintiff's constitutional rights, and a judge reviewing a complaint pursuant to Rule 12(b)(6) must "draw all reasonable inferences in favor of the plaintiff," *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018), we will not dismiss Mr. Hill's complaint with prejudice and will instead give him the opportunity to address the deficiencies identified herein, if he is able.

new complaint within forty (40) days of the date of this order, we will dismiss his lawsuit with prejudice, meaning, it will be over for good.

    IT IS SO ORDERED.

Date: _____2/14/2023_____          _Sarah Evans Barker_

                                                                                                 SARAH EVANS BARKER, JUDGE
                                                                                                 United States District Court
                                                                                                 Southern District of Indiana

Distribution:

CHRISTOPHER G. HILL
48506
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov